Sealed
Public and unofficial staff access to this instrument are prohibited by court order

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Texas

United States Courts
Southern District of Texas
FILED

*July 16, 2020*

David J. Bradley, Clerk of Court

In the Matter of the Seizure of )
*(Briefly describe the property to be seized)* )
All funds on deposit at Comerica Bank in account ) Case No. **4:20mj1263**
number ending in 6905 )
)

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the ____Southern____ District of _____Texas_____ is subject to forfeiture to the United States of America under ___18___ U.S.C. § _981(a)(1)(C)_ *(describe the property)*:
and 981(a)(1)(A):

All funds on deposit at Comerica Bank in account number ending in 6905.

TRUE COPY I CERTIFY
ATTEST: July 16, 2020
DAVID J. BRADLEY, Clerk of Court
By: _Kathy Murphy_
Deputy Clerk

The application is based on these facts:

See attached affidavit setting out the factual basis for probable cause to believe that the money in the targeted account is subject to forfeiture as property which constitutes or is derived from proceeds traceable to specified unlawful activity and as property involved in money laundering.

☑ Continued on the attached sheet.

_Steve Bodak_
Applicant's signature

Steven D. Bodak, HSI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: __July 16, 2020__

_Peter Bray_
Judge's signature

City and state:  Houston, Texas

Peter Bray, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re Seizure of | § | |
| all funds on deposit at Comerica Bank | § | Case No. |
| in account numbers ending in 6905, 7226, | § | |
| and 6863 | § | UNDER SEAL |
| | § | 4:20mj1263 to 4:20mj1265 |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEIZURE WARRANT

I, Steven D. Bodak, being duly sworn, depose and state as follows:

## I.  Introduction and Agent Background

I make this affidavit in support of an application for seizure warrants for the funds on deposit in three bank accounts at Comerica Bank, as I believe the accounts contain property involved in money laundering as well as proceeds of a bribery scheme, which is specified unlawful activity.

Since on or about September 2004, I have been a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI") or its predecessor agencies. I have been a federal law enforcement officer since October 2000. I am currently assigned to the Special Agent in Charge Houston, Texas, Financial Investigations group. I am a graduate of the Criminal Investigator Training Program and the Special Agent Training Program of the Federal Law Enforcement Training Center in Glynco, Georgia, and have received extensive training in criminal investigation procedures and criminal law. I am authorized under Title 8, United States Code, Section 1357, and Title 19, United States Code, Section 1589(a) to make arrests for federal felonies and to execute warrants issued under the laws of the United States. As a Special Agent with HSI, I have become knowledgeable about criminal activity, particularly violations of laws

1

prohibiting offenses such as conspiracy, bribery and corruption, mail fraud, wire fraud, and money laundering.

The statements in this affidavit are based on my personal observations, my training and experience, information obtained from witnesses and other law enforcement officials, and review of records obtained during the course of investigation. Because this affidavit is being submitted for the limited purpose of securing seizure warrants, I have not included each and every fact known to me concerning this investigation.

## II. Property for Which a Seizure Warrant is Sought

This affidavit is made in support of an application for three seizure warrants for funds on deposit in three accounts at Comerica Bank. Specifically, I seek a seizure warrant for (i) all funds on deposit in account number ███████6905, held in the name of B███ S█████ ("Account x6905"), believed to hold $46,730.03; (ii) all funds on deposit in account number ███████7226, held in the name of Y████ A█████ ("Account x7226"),[1] believed to hold $2,017.89; and (iii) all funds on deposit in account number ███████6863, held in the name of Y████ A█████ ("Account x6863," together with Account x6905 and Account x7226, the "Target Accounts"), believed to hold approximately $383,922.

I submit there is probable cause to believe that the Target Accounts hold bribe proceeds from a scheme to bribe a foreign official in violation of the Foreign Corrupt Practices Act ("FCPA"), Title 15, United States Code, Sections 78dd-2 and 78dd-3. I also submit that there is probable cause to believe that the funds on deposit in the Target Accounts are property involved in money laundering, specifically money laundering in violation of Title 18, United States Code,

---

[1] ██ A█████ spells ██ name █████ on ██ passport and driver's license. I note, however, that on the Comerica bank account statements for these accounts, ██ A█████ name is spelled ████████ Except for the name in which the bank accounts are held, in this affidavit, I have used ██████ in accordance with ██ official documents.

2

Section 1956(a)(1)(B)(i), intended to conceal the nature, location, source, ownership, or control of the proceeds of the FCPA bribery scheme.

**III. Applicable Statutes**

Title 18, United States Code, Section 981(a)(1)(A) provides for the forfeiture of "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957, or 1960 of this title, or any property traceable to such property."

In addition, Title 18, United States Code, Section 981(a)(1)(C) provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity.'" Violations of the FCPA constitute specified unlawful activity. 18 U.S.C. § 1956(c)(7)(D). Property subject to forfeiture may be seized pursuant to 18 U.S.C. § 981(b)(1).

**IV. Background on the Bribery and Money Laundering Schemes**

Jose Luis De Jongh ("De Jongh") was a Venezuelan national and resident of the Southern District of Texas; in May 2015, De Jongh became a U.S. citizen. De Jongh was employed by Citgo Petroleum Corporation ("Citgo"), a wholly-owned subsidiary of Petroleos de Venezuela S.A. (together with its subsidiaries and affiliates, "PDVSA"). PDVSA was the Venezuelan state-owned and state-controlled oil company, and was responsible for the exploration, production, refining, transportation, and trade in energy resources in Venezuela. PDVSA also provided funding for other operations of the Venezuelan government. PDVSA and its wholly-owned subsidiaries, including Citgo, were "instrumentalities" of the Venezuelan government as that term is used in the FCPA, and De Jongh was a "foreign official" as that term is used in the FCPA, Title 15, United States Code, Sections 78dd-2(h)(2)(A) and 78dd-3(f)(2)(A).

3

Beginning in or about 2013, De Jongh accepted money and other things of value—including Super Bowl tickets, World Series tickets, and concert tickets—from multiple businessmen in exchange for assisting the businessmen in obtaining or retaining business with PDVSA. Two of the businessmen who bribed De Jongh were Jose Manuel Gonzalez Testino ("Gonzalez") and Tulio Anibal Farias Perez ("Farias"), both of whom have pleaded guilty to conspiring to violate the FCPA. Gonzalez is a U.S. citizen. Gonzalez and Farias's plea agreements each provide that the government may recommend reduced sentences for Gonzalez and Farias if they provide truthful information that substantially assists the government's ongoing investigation.

In order to promote the bribery and money laundering scheme, Gonzalez, Farias, De Jongh, and others caused money to be sent from a place in the United States to or through places outside of the United States, and from places outside of the United States to and through the United States. In addition, the co-conspirators conducted financial transactions involving the proceeds of specified unlawful activity, namely a violation of the FCPA, knowing that the transactions were designed in whole or in part to conceal or disguise the nature, source, ownership, or control of proceeds of a specified unlawful activity. Such actions are violations of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (a)(2)(A); and the money laundering conspiracy is a violation of Section 1956(h).

Specifically, De Jongh directed Gonzalez, Farias, and other businessmen from whom he accepted bribes to send payments to two offshore bank accounts in the names of two corporations that De Jongh controlled: Inversiones J&J, which had a bank account in Panama (the "Inversiones J&J Account"), and Seahouse Commercial Co. Ltd. ("Seahouse"), which had two bank accounts (one U.S. Dollar-denominated and one Euro-denominated) in Switzerland.

4

De Jongh then laundered a significant portion of the bribery proceeds into the United States, transferring the money from Switzerland and Panama to multiple bank accounts, including the Target Bank accounts, in the names of his relatives in the United States. I███ A████ is De Jongh's mother. E███ S████ is also believed to be a relative of De Jongh, although the exact relationship is unknown. De Jongh controls the accounts, and there is probable cause to believe the funds in the Target Accounts are held in the names of relatives for the purpose of concealment.

V.   **Investigation of Bribery and Money Laundering Schemes**

I submit that there is probable cause to believe that all of the funds on deposit in the Target Accounts were proceeds of the bribery scheme and were involved in money laundering. I have participated in interviews and reviewed notes from interviews with cooperating defendants, and I have reviewed bank records and other documents associated with the scheme.

*Bribe Proceeds Deposited in Offshore Accounts*

**(a) The Swiss Accounts (Seahouse)**

Based on the investigation to date, the funds deposited in the Seahouse accounts (the USD-denominated account and the Euro-denominated account) in Switzerland came from four sources:

1. Multiple wire transfers from companies controlled by Gonzalez, some in partnership with Farias, totaling $1,443,000.00 and €551,708.00. Gonzalez and Farias have admitted that these payments were bribes for the benefit of De Jongh.

2. Two wire transfers from a Venezuelan freight forwarding and logistics company totaling $999,920.00. Gonzalez has also stated that De Jongh received bribe payments from this freight forwarding company, for whom Gonzalez acted as a broker for some of the bribes and which Gonzalez discussed with De Jongh.

5

3. Two wire transfers from companies owned by another Venezuelan businessman ("Businessman 1") totaling $2,143,444.50. One of Businessman 1's companies was awarded multiple PDVSA contracts in October 2014. The two wire transfers from Businessman 1's companies were made to Seahouse in December 2014. In addition, a May 2014 email between Businessman 1 and De Jongh shows their intent to conceal such payments due to De Jongh's position at Citgo.

4. A wire transfer from a company owned by another Venezuelan businessman ("Businessman 2") was for $529,960. Businessman 2 had formerly been Gonzalez's business partner in one of Gonzalez's companies, and had previously been involved in paying bribes to De Jongh on behalf of that company.

**(b) The Panama Account (Inversiones J&J)**

Based on the investigation to date, the majority of the funds deposited into the Inversiones J&J Account in Panama came from two sources:

1. Multiple wire transfers from accounts controlled by Gonzalez, some in partnership with Farias, totaling $675,000.00. Gonzalez and Farias have admitted that these payments were bribes for the benefit of De Jongh.

2. Multiple wire transfers from a company owned by another Venezuelan businessman ("Businessman 3") totaling $205,100.53. Businessman 3 has stated that these payments were bribes for the benefit of De Jongh.

A total of $960,959.53 was deposited in the Inversiones J&J Account. To date, the investigation has not been able to conclusively determine the origin of the remaining $79,959.00 (although there is probable cause to believe that the account was established for the purpose of accepting bribe proceeds). Furthermore, since the majority of the funds in the Inversiones J&J Account were

6

traced to known bribe payments, there is probable cause to believe that the large funds transfers from this foreign account through another foreign account and then to the domestic Target Accounts were money laundering transactions mostly or wholly constituting bribe proceeds.

There is probable cause to believe that the bribe proceeds transferred to the Target Accounts, held in the name of De Jongh's relatives, were laundered for the purpose of concealing the nature, location, source, ownership, or control of the proceeds of the FCPA bribery scheme. Therefore, all of the funds transferred into the Target Accounts are "property involved in money laundering" (in addition to constituting proceeds of the bribery scheme).

### *Bribery Proceeds Transferred to Target Accounts*

**(a) Target Account x6905**

The funds on deposit in Account x6905 are all traceable to the Inversiones J&J Account.

Between on or about May 7 and May 11, 2015, De Jongh caused $950,000.00 to be transferred from the Inversiones J&J Account in Panama to a second account in Panama in the name of Kaipara 7 S.A. (the "Kaipara Account"), for which E███ S█████ was one of the signatories. On or about July 2, 2015, De Jongh caused the remaining $4,890.00 in the Inversiones J&J Account to be transferred to the same Kaipara Account. The transfers from the Inversiones J&J Account were the only deposits into the Kaipara Account, there were no other sources of funds.

On or about July 1, 2015, De Jongh caused a wire for $949,500.00 to be sent from the Kaipara Account to Account x6905; on July 2, 2015, De Jongh caused a second wire for $5,241.00 to be sent from the Kaipara Account to Account x6905. There was no pre-existing balance in Account x6905 before the Kaipara wires, and no subsequent significant account activity or deposits associated with Account x6905 between July 2015 and December 2016, aside from

7

occasional service fees and an order for checks. In December 2016, $903,000 was withdrawn from Account x6905.

After the December 2016 transfer, $51,544.16 remained in Account x6905. No significant account activity took place between December 2016, and March 2020, the date of the most recent records reviewed in the investigation. As of June 22, 2020, approximately $46,730.03 remained in Account x6905, and those funds remaining on deposit are sought for seizure because they constitute bribery proceeds and because they are property involved in money laundering.

**(b) Target Account x7226 and Target Account x6863**

Account x7226 and Account x6863 are accounts held in the name of ▮▮▮▮▮ A▮▮▮, and funds were transferred back and forth between the two accounts. As of June 22, 2020, approximately $383,922 remains in Account x6863, and approximately $2,017.89 remains in Account x7226.

The investigation has shown that between May 2015 and June 2019, De Jongh caused three wire transfers, totaling more than $1,190,000, to be sent from Seahouse to Account x7226 and Account x6863. Specifically, the evidence showed a wire transfer of $563,088.19 on or about May 15, 2015, from Seahouse to Account x7226; a wire transfer of $350,050.08 on or about February 19, 2019, from Seahouse to Account x6863; and a wire transfer of $280,051.40 on or about June 21, 2019, from Seahouse to Account x6863.

The May 15, 2015 transfer was further laundered into real estate purchases in the Southern District of Texas. The June 21, 2019 transfer was further laundered—transferred first from Account x6863 to Account x7226, and then transferred again to another bank account in De Jongh's name.

The proceeds of the February 19, 2019 transfer were also further laundered through a Certificate of Deposit, but based on a review of additional bank records, are now believed to be held in Account x6863 again. Specifically, following the wire transfer of $349,978.00 from Seahouse to Account x6863 on February 19, 2019 (*i.e.*, the $350,050.08 referenced above, less the wire transfer fees), Account x6863 received another wire transfer in the amount of $200,000.00 from another Comerica account under De Jongh's control on February 20, 2019. Thereafter, on or about February 20, 2019, $500,000.00 was withdrawn from Account x6863 and invested in a Certificate of Deposit with a maturity date of November 26, 2019.

At some point between February and November 2019, $10,000 was withdrawn early from the Certificate of Deposit.

When the Certificate of Deposit matured on or about November 26, 2019, approximately $495,595.57 was transferred to Account x7226. On or about November 27, 2019, $495,595.57 was transferred from Account x7226 to Account x6863.

As of June 22, 2020, approximately $383,922 remains in Account x6863, and approximately $2,017.89 remains in Account x7226.

A seizure warrant is sought for funds in all three of the Target Accounts, which are the proceeds of the bribery scheme and are also property involved in money laundering. Property subject to forfeiture may be seized pursuant to 18 U.S.C. § 981(b)(1).

## Conclusion

Based upon the information outlined above, I submit that there is probable cause to believe funds held in the Target Accounts constitute (1) proceeds of a specified unlawful activity, namely felony violations of the FCPA; and (2) property involved in money laundering. The funds are therefore subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and (C), and subject to seizure under 18 U.S.C. § 981(b)(1).

*[signature]*
Steven D. Bodak
Special Agent
Homeland Security Investigations

Sworn by telephone on July 16th, 2020, and I find probable cause.

*[signature]*
Peter Bray
United States Magistrate Judge

Sealed
Public and unofficial staff access to this instrument are prohibited by court order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION FOR SEIZURE WARRANT FOR ALL FUNDS ON DEPOSIT AT COMERICA BANK IN ACCOUNT NUMBER ENDING IN 6905 | CASE NO. **4:20mj1263** |

## GOVERNMENT'S MOTION TO SEAL

The United States moves the Court for an Order directing the Clerk of the Court to seal the Application and accompanying Affidavit for Seizure Warrant in the above-referenced matter, as well as this Motion to Seal and any resulting order, for the duration of 60 days. In support of this motion, the Government states:

1. The Application and Affidavit refer to evidence in an ongoing criminal investigation, and public exposure of the information could compromise the case by causing the destruction of or tampering with evidence and the movement or concealment of proceeds; and

2. The documents reference bank account numbers, which should not be made part of the public record. General Order No. 2003-4.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

By: /s/ Kristine E. Rollinson
Kristine E. Rollinson
SDTX Federal No. 16785
Texas State Bar No. 00788314
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
ph. 713-567-9385

Sealed
Public and unofficial staff access to this instrument are prohibited by court order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION FOR SEIZURE WARRANT FOR ALL FUNDS ON DEPOSIT AT COMERICA BANK IN ACCOUNT NUMBER ENDING IN 6905 | § § § § § § | CASE NO. 4:20mj1263 |

## ORDER TO SEAL

Upon motion of the United States, the Application for Seizure Warrant, accompanying Affidavit, Motion to Seal and this Order are SEALED for the duration of 60 days from the date of this signed order. No person shall have access to those documents except the Clerk of Court and his designated deputies, the attorneys for the United States, and the authorized representatives of the agencies involved in the investigation. A copy of the Seizure Warrant shall be left at the place of seizure.

Signed this 16th day of July 2020.

_Peter Bray_
Peter Bray
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

Sealed
Public and unofficial staff access to this instrument are prohibited by court order

TRUE COPY I CERTIFY
ATTEST: July 16, 2020
DAVID J. BRADLEY, Clerk of Court
By: _Kathy Murphy_
Deputy Clerk

In the Matter of the Seizure of )
*(Briefly describe the property to be seized)* )
All funds on deposit at Comerica Bank in account ) Case No. **4:20mj1263**
number ending in 6905 )
)

## WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests that certain property located in the __Southern__ District of __Texas__ be seized as being subject to forfeiture to the United States of America. The property is described as follows:

All funds on deposit at Comerica Bank in account number ▮▮▮▮6905 held in the name of E▮ S▮▮▮

I find that the affidavit(s) and any recorded testimony establish probable cause to seize the property.

**YOU ARE COMMANDED** to execute this warrant and seize the property on or before __July 30, 2020__
*(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must also give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

An officer present during the execution of the warrant must prepare, as required by law, an inventory of any property seized and the officer executing the warrant must promptly return this warrant and a copy of the inventory to __any U.S. Magistrate Judge__.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: **July 16, 2020  5:59 pm**   _/s/ Peter Bray_
Judge's signature

City and state: __Houston, Texas__   Peter Bray, U.S. Magistrate Judge
*Printed name and title*

AO 109 (Rev. 11/13) Warrant to Seize Property Subject to Forfeiture (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>**4:20mj1263** | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of: | | |
| Inventory of the property taken: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:

*Executing officer's signature*

*Printed name and title*

AO 109 (Rev. 11/13) Warrant to Seize Property Subject to Forfeiture

<div style="border: 1px solid red; color: red;">Sealed<br>Public and unofficial staff access to this instrument are prohibited by court order</div>

# UNITED STATES DISTRICT COURT
для
Southern District of Texas

In the Matter of the Seizure of )
*(Briefly describe the property to be seized)* )
All funds on deposit at Comerica Bank in account ) Case No. **4:20mj1263**
number ending in 6905 )
)
)

## WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests that certain property located in the __Southern__ District of __Texas__ be seized as being subject to forfeiture to the United States of America. The property is described as follows:

All funds on deposit at Comerica Bank in account number ▮▮▮▮6905 held in the name of E▮ S▮▮▮

I find that the affidavit(s) and any recorded testimony establish probable cause to seize the property.

**YOU ARE COMMANDED** to execute this warrant and seize the property on or before __July 30, 2020__
*(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must also give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

An officer present during the execution of the warrant must prepare, as required by law, an inventory of any property seized and the officer executing the warrant must promptly return this warrant and a copy of the inventory to __any U.S. Magistrate Judge__.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: **July 16, 2020  5:59 pm**   _____/s/ Peter Bray_____
*Judge's signature*

City and state: __Houston, Texas__   Peter Bray, U.S. Magistrate Judge
*Printed name and title*

AO 109 (Rev. 11/13) Warrant to Seize Property Subject to Forfeiture (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>**4:20mj1263** | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of:

Inventory of the property taken:

### Certification

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*